IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAI GOPAL MUTREJA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-0672-B |
| | § | |
| U.S. DEPARTMENT OF JUSTICE | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant U.S. Department of Justice, by and through the United States Attorney for the Northern District of Texas, has filed a motion to dismiss or, in the alternative, for summary judgment in this *pro se* employment discrimination action.  For the reasons stated herein, the motion should be granted.

I.

Plaintiff was employed as an electrical engineer in the South Central Regional Office ("SCRO") of the Federal Bureau of Prisons ("BOP") for more than 13 years.  In August 1999, plaintiff was terminated after he threatened to point a gun at his supervisor, Thomas Wiemann.  Plaintiff, who is of Indian descent, challenged his termination in an Equal Employment Opportunity ("EEO") complaint alleging discrimination on the basis of ethnicity and national origin.  Following a mediation held on October 5, 2000, plaintiff agreed to settle his claim against the BOP for a lump sum payment of $60,000, expungement of his termination records, and back pay.  The Settlement and Compromise Agreement, which is signed by plaintiff and his attorney, provides, in pertinent part:

> In exchange for valid consideration the receipt and sufficiency of
> which is hereby acknowledged the Complainant does hereby on
> behalf of himself, and representatives of every kind, withdraw,
> generally release, and forever discharge the Federal Bureau of
> Prisons, and each of its agents, officials, servants, and employees of
> all claims and actions which Complainant has, had, or hereafter may
> have against the Agency *that stem, arise from, based upon, or relate
> in anyway to the claims and demands of the Complainant in
> connection with his termination, EEO Counseling and any pending
> EEO formal complaints arising from his employment with the
> Federal Bureau of Prisons*.

(Def. Mot. App. at 4, ¶ 6) (emphasis added).  The BOP fully discharged its obligations under the settlement agreement by making the required payments to plaintiff in November 2000 and changing its records to reflect that plaintiff voluntarily resigned for personal reasons.  (*Id*. at 2, ¶ 8 & 15-20).

On April 14, 2006, more than five years after this settlement was finalized, plaintiff filed suit against the U.S. Department of Justice in federal district court.[1]  His cryptic complaint alleges, *inter alia*, that "BOP hired me, harassed me, fired me two times and asked me to resign for the wrong position of an electrical engineer.  I resigned in October 2000; my resignation was effective April 2, 2000 . . . I agreed to resign as I did not know anything better."  (Plf. Compl. at 3).  Defendant now moves to dismiss plaintiff's complaint or, alternatively, for summary judgment based on the prior settlement agreement between the parties.  Plaintiff has filed a written response to the motion and this matter is ripe for determination.

II.

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) "is viewed with disfavor and is rarely granted."  *Lowrey v. Texas A&M University System*, 117 F.3d 242, 247 (5th Cir. 1997), *quoting Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.

---

[1]   In August 2004, unaware that this dispute had been resolved, the EEO office referred plaintiff's administrative complaint to the U.S. Department of Justice Complaint Adjudication Office ("CAO") for final agency action.  The agency issued a finding of no discrimination on March 10, 2006.  After being advised of the settlement agreement, the CAO withdrew its decision later that month.  (*See* Def. Mot. App. at 8, ¶ 8 & 21-22, ¶¶ 3-7).

1982), *cert. denied*, 103 S.Ct. 729 (1983).  Dismissal is proper "only if it is clear that no relief could

be granted under any set of facts that could be proved consistent with the allegations."  *Hishon v.

King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).  The complaint must

be liberally construed in favor of the plaintiff and the allegations contained therein must be taken

as true.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  If the moving party relies on matters

outside the pleadings, a motion to dismiss must be treated as one for summary judgment and decided

under the standard set forth in Fed. R. Civ. P. 56.  *See Lopez Hernandez v. Fincher*, No. 3-04-CV-

1084-G, 2005 WL 265214 at *5 (N.D. Tex. Feb. 2, 2005), *citing* Fed. R. Civ. P. 12(b).

Summary judgment is proper when there is no genuine issue as to any material fact and the

movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*,

477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  Where, as here, a party seeks

summary judgment on a claim or affirmative defense, he must establish "beyond peradventure *all*

of the essential elements of the claim or defense to warrant judgment in his favor."  *Fontenot v.

Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). [2]  The burden then shifts

to the non-movant to show that summary judgment is not proper.  *Duckett v. City of Cedar Park*, 950

F.2d 272, 276 (5th Cir. 1992).  The parties may satisfy their respective burdens by tendering

depositions, affidavits, and other competent evidence.  *Topalian v. Ehrman*, 954 F.2d 1125, 1131

(5th Cir.), *cert. denied*, 113 S.Ct. 82 (1992).  The verified pleadings of a *pro se* litigant can be

considered as summary judgment evidence to the extent such pleadings comport with the

---

[2]  Defendant's argument that this action is barred by a prior settlement agreement between the parties is in the
nature of an affirmative defense on which defendant has the burden of proof at trial.  *See, e.g. Wilson v. Western
Oceanic, Inc.*, 540 F.Supp. 228, 229 & n.1 (S.D. Tex. 1982) (characterizing argument that prior settlement agreement
barred claims asserted by plaintiff as a "release theory" on which defendant has the burden of proof).  *See also* Fed. R.
Civ. P. 8(c) (listing release as an affirmative defense).

requirements of Fed. R. Civ. P. 56(e).[3]   *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).   All

evidence must be viewed in the light most favorable to the party opposing the motion.   *Rosado v.*

*Deters*, 5 F.3d 119, 122 (5th Cir. 1993).   However, conclusory statements, hearsay, and testimony

based on conjecture or subjective belief are not competent summary judgment evidence.   *Topalian*,

954 F.2d at 1131.

III.

Voluntary settlements resolving claims of employment discrimination are encouraged by the

courts and binding on both parties.   *See Jackson v. Widnall*, 99 F.3d 710, 715 (5th Cir. 1996), *citing*

29 C.F.R. § 1613.217(b).   "Allowing one party to renounce an agreement and sue for additional

relief would undermine our longstanding policy of encouraging settlement, thereby creating a

disincentive to the amicable resolution of legal disputes and defeating the purposes of title VII."   *Id.*

*See also Carson v. American Brands, Inc.*, 450 U.S. 79, 88 n.14, 101 S.Ct. 993, 998 n.14, 67 L.Ed.2d

59 (1981) (noting that title VII incorporates a strong preference for the voluntary settlement of

employment discrimination claims).

In his summary judgment response, plaintiff offers no argument, much less evidence, to

defeat the presumptive validity of the settlement agreement.   The closest he comes is arguing that

"it was a forced agreement."   According to plaintiff:

> When I told the mediator that I did not need to come for the
> mediation in October, 2000, having been said to me, I should move
> on with my life and resign.   She stated that she would inform the
> court that I was not cooperating.   I attended the mediation with my

---

[3]   Rule 56(e) provides, in relevant part:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set
> forth such facts as would be admissible in evidence, and shall show affirmatively
> that the affiant is competent to testify to the matters stated therein.

Fed. R. Civ. P. 56(e).

> wife Swedish and daughter Roma Mutreja, as my attorney.  The
> mediators and the agency started and continued saying to me before
> my wife and attorney daughter that the agency did not want me and
> I should resign.  We did not discuss and resolve any other matter.
> The session was a de-humanizing one.  The mediators would go on
> emphasizing why I would go through a litigation of three, four or
> more years.  It was like a prison.  If I do not sign it, they would not
> let me go.  I am a professional.  I had to agree to resign in that
> afternoon of October 5, 2001 [sic].

(Plf. Resp. at 2).  The court initially observes that these self-serving assertions are not verified and,

therefore, are not competent summary judgment evidence.  Moreover, even if the court considers

plaintiff's characterization of the mediation session, his allegations fall far short of the quantum of

proof necessary to rise to the level of duress or coercion.  *See, e.g. Lee v. Hunt*, 631 F.2d 1171, 1178

(5th Cir. 1980), *cert. denied*, 102 S.Ct. 133 (1981), *quoting Tower Contracting Co., Inc. of Texas

v. Bruden Brothers, Inc.*, 482 S.W.2d 330, 335 (Tex. Civ. App.--Dallas 1972, writ ref'd n.r.e.) ("Our

courts of Texas have consistently followed the rule, as a matter of law, that (1) there can be no

duress unless there is a threat to do some act which the party threatening has no legal right to do;

(2) there must be some illegal exaction or some fraud or deception; (3) the restraint must be

imminent and such as to destroy free agency without present means of protection.").  *See also Faris

v. Williams WPC-I, Inc.*, 332 F.3d 316, 322-23 (5th Cir. 2003), *quoting Williams v. Phillips

Petroleum Co.*, 23 F.3d 930, 935 (5th Cir. 1994) ("Even if a release is tainted by misrepresentation

or duress, it is ratified if the releasor retains the consideration after learning that the release is

voidable.").

        In short, plaintiff has failed to create a genuine issue of material fact with respect to the

validity of the settlement agreement.  Because plaintiff released and discharged the BOP from all

claims or causes of action "that stem, arise from, [are] based upon, or relate in anyway to the claims

and demands . . . in connection with his termination, EEO Counseling and any pending EEO formal

complaints arising from his employment with the Federal Bureau of Prisons," his suit against defendant is barred as a matter of law.

## **RECOMMENDATION**

Defendant's motion for summary judgment [Doc. #8] should be granted and this case should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party may file written objections to the recommendation within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 15, 2006.


JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE